IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | Case No. 20-15704-DER |
| DOLORES J. DAVIS, | * | (Chapter 7) |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**TRUSTEE'S APPLICATION FOR AUTHORITY TO RETAIN
BK GLOBAL REAL ESTATE SERVICES AND EXECUHOME REALTY
AS REAL ESTATE BROKERS AND TO PROCURE CONSENT FROM SECURED
CREDITOR TO SELL OVER-ENCUMBERED PROPERTY OF THE ESTATE**

Craig B. Leavers, the Chapter 7 Trustee herein (the "Trustee"), by his undersigned counsel, pursuant to 11 U.S.C. §§ 327, 328 and 330, files this application seeking authorization to retain the services of BK Global Real Estate Services ("BKRES") and ExecuHome Realty (the "Local Listing Agent") (collectively, the "Brokers") to represent the Trustee as his as real estate brokers and, in that capacity, to procure the consent from secured creditor(s) to sell over encumbered property of the estate (the "Application to Employ"). In support of the Application to Employ, the Trustee states as follows:

**Introduction**

The Trustee requests approval to retain BKRES and the Local Listing Agent, at no cost to the estate, to negotiate with and persuade the secured creditor on certain real property in which the estate has no equity to (1) allow the Trustee to sell such property at the highest price that the market will bear, (2) waive the resulting deficiency claim and (3) pay an 11 U.S.C. §506 surcharge to provide a carve-out for the benefit of the estate and pay all other sale expenses, including a 6% brokerage commission that will be shared equally by the Brokers only upon the closing of a sale that is approved by this Court.

1

As is evidenced by its affidavit attached hereto as <u>Exhibit B</u>, BKRES and its affiliates have proprietary technology and a national team of experienced loan servicing specialists, asset managers, negotiators, trustee relation managers, real estate brokers and agents, closing specialists and attorneys with extensive experience in procuring the consent of mortgage lenders and servicers to sell over-encumbered properties so as to provide significant cash recoveries to bankruptcy estates with no equity through the consented sale process described herein.

The proposed agreements of the Brokers (the "Agreements"), which are attached hereto as ***Exhibit A***, provide that the Brokers will not be entitled to any compensation from the estate whatsoever under any circumstances. They will only receive and share a customary brokerage commission that is to be paid by the secured creditor(s) as an 11 U.S.C. § 506 surcharge approved by this Court.

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O).

## Parties and Background

2. Dolores J. Davis (the "Debtor") commenced the above-captioned bankruptcy case (the "Bankruptcy Case") by filing a voluntary petition under chapter 7 of the Bankruptcy Code on June 1, 2020 (the "Petition Date").

3. The Trustee was appointed to serve as interim trustee in the Bankruptcy Case, and no other trustee was appointed at the Debtor's meeting of creditors held on July 13, 2020. The Trustee has accepted his appointment, has qualified and is acting in that capacity.

4. On the Petition Date, the Debtor and another individual (the "Co-Owner") owned as tenants-in-common that residential real property located in Baltimore City, Maryland, commonly known as 3301 Moravia Road, Baltimore, Maryland 21214 (the "Property").

5. The Property is subject only to a trust lien in favor of Bank of America (the "BoA Lien"), which secures a loan extended by Bank of America (the "Secured Creditor") to the Debtor (the "BoA Loan"). The BoA Lien encumbers only the Debtor's interest in the Property.

6. The payoff on the BoA Loan as of the Petition Date was $121,817.00, and the value of the Property, according to the Debtor's schedules, is $116,654.00. As such, the Trustee believes that there is no equity in the Debtor's interest in the Property.

7. The Trustee recently obtained a Consent to Judgment in that adversary proceeding styled *Craig B. Leavers, Chapter 7 Trustee v. Dorlores J. Davis, et al.*, Adv. Pro. No. 20-00209, thereby allowing the Trustee to sell the estate's interest and the interest of the Co-Owner in the Property pursuant to 11 U.S.C. § 363(h).

8. The Trustee has determined that it is in the best interest of the Debtor's estate and all creditors to negotiate to obtain an agreement and consent from the Secured Creditor to do the following, with the proviso that the hired professionals, BKRES and the Local Listing Agent, shall not participate in the sale and purchase of any estate property except as hired brokers:

(a) sell the Property to whichever third party the Trustee determines to have made the best qualified offer during a private sale approved by the Court;

(b) buy the Property from the Debtor's estate if and only if no such offer is made;

(c) release the BoA Lien and otherwise waive all of the Secured Creditor's claims against the estate with respect to the Property, including any deficiency claims resulting from the proposed sale; and

(d) agree to a 11 U.S.C. § 506 surcharge to pay all of the customary expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and the Local Listing Agent and reimbursement of their out-

of-pocket expenses, and provide a meaningful carve-out for the benefit of allowed unsecured creditors of the Debtor's estate.

9. The Trustee has also determined that it is in the best interest of the Debtor's estate and all creditors to request authorization to engage the Brokers to provide reasonable and necessary property preservation, maintenance, and upkeep services to the Property and to reimburse the Brokers in a maximum amount not to exceed $500.00 for any approved reasonable, necessary out-of-pocket costs and expenses incurred by the Brokers associated with property preservation, maintenance, and upkeep of the Property in connection with a potential sale, upon the availability of funds from the estate, without the need for further Order.

**Legal Authority/Relief Requested**

10. The Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). It further permits the Court to "award to a trustee . . . or a professional person employed under section 327 . . . (A) reasonable compensation for actual, necessary services rendered [by such party] . . . and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

11. By this Application, the Trustee requests authority pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code to (a) retain the Brokers to provide the necessary professional assistance and representation required by the Trustee to fulfill the Trustee's duties pursuant to 11 U.S.C. § 704 in order to procure the Secured Creditor's consent to sell the Property, (b) engage the Brokers to provide reasonable and necessary property preservation, maintenance, and upkeep services to the Property to facilitate the sale of the Property for the benefit of the Secured Creditor

and the bankruptcy estate, (c) reimburse the Brokers in the maximum amount not to exceed $500.00 for any approved, out-of-pocket costs incurred by the Brokers associated with property preservation, maintenance, and upkeep of the Property in connection with a potential sale, upon the availability of funds from the estate, without the need for further Order, and (d) approve the Secured Creditor's payment of the fees described herein directly to the Brokers at closing of the sale of the Property, if and when the Secured Creditor's consent and the Motion to Approve Sale are granted.

12. As further described in the materials attached to their affidavits, the Brokers have extensive experience obtaining the consent and agreement of mortgage lenders and servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for estates from over-encumbered assets in which the estate has no equity.

13. The Trustee believes that retaining the Brokers in this case will provide a recovery of value for the bankruptcy estate that would not otherwise be available, thereby resulting in a meaningful distribution to unsecured creditors. The sale of the Property as contemplated in this Application is in the best interest of the Debtor's estate, but can only be achieved if the Secured Creditor's consent is first obtained. That is why the Trustee believes that retaining the Brokers to obtain the Secured Creditor's consent and an agreement to a carve-out from the sale of the Property is in the best interests of the Debtor's estate.

14. In no event will the estate have any obligation to pay the Brokers for their services, or to pay for customary title and closing services. The terms of the Agreements and this Application provide that the Brokers are only entitled to payment if and when (a) the Secured Creditor grants its consent, (b) the Motion to Approve Sale is granted and (c) the Property is sold, in which event the Brokers will receive and share a 6% real estate brokerage commission and obtain reimbursement of any out-of-pocket expenses and payment for all other expenses associated with the sale of the Property from the sale proceeds at closing in accordance with the order approving the sale.

15. The Brokers will not be entitled to any fees if the Secured Creditor does not grant its consent or this Court does not grant the Motion to Approve Sale.

16. The Trustee submits that the terms of employment and compensation as set out in the Agreements are reasonable in light of the extensive experience of the Brokers and the nature of the services they provide.

17. BKRES attested that it is a "disinterested person" within the meaning of 11 U.S.C. § 101(14) and is eligible to serve as a broker for the Trustee. BKRES also attests, pursuant Fed. R. Bankr. P. 2016, that it shall not split or share its fee with any individual or entity other than the Listing Agent, or a buyer's agent, if applicable. As required by Fed. R. Bankr. P. 2014, a verified statement attesting to the foregoing is attached hereto as **Exhibit B** and is incorporated herein by reference.

18. The Listing Agent attested that it is a "disinterested person" within the meaning of 11 U.S.C. § 101(14) and is eligible to serve as a broker for the Trustee. The Listing Agent also attests, pursuant to Fed. R. Bankr. P. 2016, that it shall not split or share its fee with any individual or entity other than BKRES, or a buyer's agent, if applicable. As required by Fed. R. Bankr. P.

2014, a verified statement attesting to the foregoing is attached hereto as ***Exhibit C*** and is incorporated herein by reference.

**WHEREFORE**, the Craig B. Leavers, Trustee, respectfully requests the following relief:

(A) That Craig B. Leavers, Trustee, be authorized to retain the services of the Brokers to represent the Trustee as his as real estate brokers to sell the Property and, in that capacity, to procure the consent and an agreement from the Secured Creditor to sell the Property and for a carve-out from the sale proceeds for the estate and to pay the Brokers' commissions, with any sale to be subject to further order of this Court; and

(B) That Craig B. Leavers, Trustee, be granted such other and further relief as is just and equitable.

/s/ Craig B. Leavers
Craig B. Leavers, Bar No. 26914
P.O. Box 306
Cockeysville, Maryland 21030
(443) 318-4526
Craig@LeaversLaw.com

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that on the 31st day of August, 2020, a copy of the foregoing was served on the parties listed below by electronic service via CM/ECF:

Office of the United States
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21201

Nicholas J. DelPizzo, III, Esq.
7222 Holabird Avenue
Baltimore, Maryland 21222
*(Attorney for Debtor)*

And on the parties listed below by first class mail, postage prepaid:

    Dolores J. Davis
    2300 Dulaney Valley Road
    Apt. K0005 St. Elizabeth Hall
    Lutherville Timonium, MD 21093
    *(Debtor)*

    ExecuHome Realty
    ATTN: Nick Schiaffino
    9512 Harford Road
    Parkville, Maryland 21234
    *(Broker)*

    BK Global Real Estate Services
    ATTN: Patrick Butler
    1095 Broken Sound Parkway, NW, Ste 100
    Boca Raton, FL  33487
    *(Broker)*

                                          /s/  Craig B. Leavers
                                          Craig B. Leavers